ROBERT S. NELSON (SBN# 220984)
NELSON LAW GROUP
26 West Portal Avenue, Suite 1
San Francisco, CA 94127
(415) 702-9869 (phone)
(415) 592-8671 (fax)
rnelson@nelsonlawgroup.net

Attorneys for Plaintiffs
JEFF LATTA, RENE AGUIRRE, DAVID ALLEGRI, RICK CAPALBY, ARMAND CROFT, ERIC DOVE, BRYAN GERMONE, SIMON ILLG, BART WILLIAMS and J.D. WRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF LATTA, RENE AGUIRRE, DAVID ALLEGRI, RICK CAPALBY, ARMAND CROFT, ERIC DOVE, BRYAN GERMONE, SIMON ILLG, BART WILLIAMS and J.D. WRIGHT, individuals,<br><br>Plaintiffs,<br>v.<br><br>SKIP BARBER RACING SCHOOL, LLC, a corporation; and MICHAEL CULVER, an individual,<br><br>Defendants. | Case No. TBA<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **UNPAID OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. §201 *et seq.*)**<br>(2) **UNPAID MINIMUM WAGES IN VIOLATION OF FLSA (29 U.S.C. §201 *et seq.*)**<br>(3) **UNPAID WAGES (CAL. LAB. CODE §200, *et seq.*)**<br>(4) **UNPAID OVERTIME WAGES (LAB. CODE § 510)**<br>(5) **UNPAID MEAL PERIOD WAGES (I.W.C. WAGE ORDER NO. 4, LAB. CODE §§ 226.7, 512)**<br>(6) **ITEMIZED WAGE STATEMENT VIOLATIONS (LAB. CODE § 226)**<br>(7) **WAITING TIME PENALTIES (LAB. CODE §§ 201, 202, 203)**<br>(8) **BREACH OF CONTRACT** |

1

COMPLAINT FOR DAMAGES
CASE #: TBD

Plaintiffs JEFF LATTA, RENE AGUIRRE, DAVID ALLEGRI, RICK CAPALBY, ARMAND CROFT, ERIC DOVE, BRYAN GERMONE, SIMON ILLG, BART WILLIAMS and J.D. WRIGHT (collectively referred to hereafter as "Plaintiffs"), by and through their attorneys of record, NELSON LAW GROUP, hereby complain against Defendants SKIP BARBER RACING SCHOOL, LLC and MICHAEL CULVER (collectively referred to hereafter as "Defendants"), as follows:

## NATURE OF THE ACTION

1. This action is brought for failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") and California state law, including California Labor Code Section 1194; meal break violations pursuant to California Labor Code Sections 226.7 and 512; pay stub violations pursuant to California Labor Code Section 226; and waiting time penalties pursuant to California Labor Code Section 203.

## PARTIES

2. Plaintiffs are natural persons who are now, and at all times relevant to this Complaint have been, residents of this judicial district.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant Skip Barber Racing School, LLC ("Defendant SB") is a corporation authorized to do business in California and in fact doing business in this district.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Michael Culver ("Defendant Culver") is an individual doing business in this district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. Section 216(b) and 8 U.S.C. Section 1331 because this action arises under the laws of the United States, including the FLSA, 29 U.S.C. Section 207, *et seq*. In addition, because the claims stated herein arise from the same or substantially similar facts, circumstances, and witnesses and derive from a common nucleus of operative facts, this court has supplemental and/or pendent jurisdiction to hear all claims presented in this action, including claims arising under state law,

pursuant to 28 U.S.C. Section 1367.

6. The Northern District of California has personal jurisdiction over this matter because Defendants are doing business here, in this district, and because many of the acts complained of herein occurred in this district and gave rise to the claims alleged.

7. Venue is proper in the Northern District pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendants may be found in this district and because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district.

8. Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San Jose Division is proper because a substantial part of the events giving rise to the claims presented in this Complaint occurred in the County of Monterey.

## FACTS

9. Defendant SB is a Georgia-based company that conducts schools and training programs on auto racing, defensive and high-performance driving. It is registered to do business in California and in fact conducts numerous events at the Laguna Seca Raceway in Salinas, in Monterey County.

10. Defendant Culver owns Defendant SB. At all times relevant to this Complaint, Defendant Culver had both economic and operational control Defendant SB because he could set terms of Plaintiffs' employment, including pay manner and rates, assigning Plaintiffs to work specific events (and perform specific job duties); and determine whether and when to pay Plaintiffs for their work.

11. Plaintiffs worked for Defendants at their racing events at Laguna Seca. Plaintiffs had different job titles, ranging from Director of West Coast Operations (Plaintiff Latta) to mechanics.

12. Although Plaintiffs were characterized as "independent contractors," they were in fact *de facto* employees of Defendants. At all times during their work, Plaintiffs were subject to Defendants' close supervision and control, including having to report to Defendants' on-site managers and conforming to strict work schedules and job standards. Plaintiffs also had to wear

COMPLAINT FOR DAMAGES
CASE #: TBD

uniforms and use Defendants' equipment. At least one Plaintiff, Jeff Latta, had previously been characterized as an employee but was reclassified as a contractor to reduce costs.

13. Also, although Plaintiffs were paid by checks issued solely by Defendant SB, they were in fact jointly employed by both Defendants because Defendant Culver at all times relevant to this Complaint exerted operational control over Defendant SB.

14. Defendants agreed to pay Plaintiffs daily, not weekly, rates for all work they performed at Defendants' racing events. The rates did not vary with how much work Plaintiffs performed.

15. Plaintiffs performed primarily manual mechanic duties at Defendants' racing events.

16. Plaintiffs also worked significant amounts of overtime at Defendants' events. The events would typically span several days. Plaintiffs would generally be required to work between 12 and 15 hours per day at each event.

17. From November 2015 to January 2016, Plaintiffs were required to work several racing events for Defendants at the Laguna Seca Raceway. Plaintiffs worked significant numbers of hours at the events, including extensive overtime.

18. Plaintiffs also were never provided with duty-free meal breaks of at least a half hour, after no more than five consecutive hours worked, at the racing events they worked from November 2015 to January 2016.

19. Defendants did not pay Plaintiffs the daily rates they promised for their work, nor did they properly pay Plaintiffs premium and/or double time premiums for the overtime work they were required to perform.

20. Plaintiffs never received itemized pay stubs for their work at the Laguna Seca events from November 2015 to January 2016.

21. Plaintiffs' employment with Defendants terminated in January 2016. To date, Plaintiffs have not been paid all wages they earned from their work for Defendants.

///

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. Section 201, *et seq.*)

### (Against Both Defendants)

22. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 21, above.

23. At all times relevant to this Complaint, Defendants were "employers" as that term is defined under the FLSA.

24. At all times relevant to this Complaint, Plaintiffs were "employees" as that term is defined under the FLSA.

25. At all times relevant to this Complaint, Plaintiffs were jointly employed by both Defendants.

26. During all time periods relevant to this Complaint, Defendants required Plaintiffs to work in excess of forty (40) hours per week.

27. Plaintiffs did in fact routinely work in excess of forty (40) hours per week.

28. During all time periods relevant to this Complaint, the FLSA required that all work performed by non-exempt employees in excess of forty (40) hours in any single workweek be compensated at a rate of one-and-one-half times the employees' regular rate of pay.

29. Plaintiffs' job duties with Defendants were such that they were not exempt from the FLSA's overtime requirements. At all times during their employment, Plaintiffs' primary job duty(ies) was/were non-exempt.

30. Defendants failed to compensate Plaintiffs for overtime hours they worked.

WHEREFORE Plaintiffs pray for judgment against Defendants as set forth herein.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages in Violation of the FLSA, 29 U.S.C. §§201 *et seq.*)

### (Against Both Defendants)

31. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 30, above.

32. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

33. At all times relevant to this Complaint, Defendants employed Plaintiffs as "employees" within the meaning of the FLSA.

34. At all times relevant to this Complaint, Defendants have had gross operating revenues in excess of $500,000.

35. Throughout the statute of limitations period covered by these claims, Plaintiffs were suffered or permitted to perform work for Defendants for which they were never paid.

36. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail, to pay Plaintiffs at the required minimum wage rate(s) for all work they performed.

WHEREFORE Plaintiff prays for relief as articulated below.

## THIRD CAUSE OF ACTION

### (Failure to Pay Wages in Violation of Labor Code Sections 201, *et seq.*)

### (Against Defendant SB)

37. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 36 above.

38. At all times relevant to this Complaint, Plaintiffs and Defendant SB were subject to the Labor Code of the State of California, and to the existing and applicable Wage Orders of the Industrial Welfare Commission.

39. At all times relevant to this Complaint, Plaintiffs were "employees," as that term is defined by the Labor Code.

40. Also at all relevant times, Defendant SB was an "employer," as the term is defined in the Labor Code.

41. Defendant SB suffered or permitted Plaintiffs to perform numerous hours of work, including at the Laguna Seca Raceway. Defendant SB promised to pay *Plaintiffs* wages as

compensation for their work.

42. Employers are required to pay all wages owing to employees promptly following the termination of their employment, pursuant to Labor Code §201. Defendant SB breached this commitment by refusing to pay Plaintiffs the wages they earned for work at Laguna Seca.

43. By violating Labor Code §201, Defendant has caused Plaintiff to suffer damage in the form of lost wages, plus fees, costs and interest in amounts to be determined at trial.

WHEREFORE Plaintiffs pray for judgment against Defendant SB as set forth herein.

## FOURTH CAUSE OF ACTION

**(Failure to Pay Overtime in Violation of California Labor Code Section 1194)**

**(Against Defendant SB)**

44. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 43, above.

45. At all times relevant to this Complaint, Defendant SB was an "employer" as that term is defined under California law.

46. At all times relevant to this Complaint, Plaintiffs were "employees" as that term is defined under California law.

47. At all times relevant to this Complaint, Plaintiffs were jointly employed by both Defendants, including Defendant SB.

48. At all times relevant to this Complaint, Defendant SB required Plaintiffs to work in excess of eight (8) hours in a single day, and/or in excess of forty (40) hours in a single week.

49. Plaintiffs did in fact routinely work in excess of eight (8) hours in a single day, and/or in excess of forty (40) hours in a single week.

50. At all times relevant to this Complaint, both the California Labor Code and relevant Wage Orders of the California Industrial Welfare Commission required that all work performed by non-exempt employees in excess of eight (8), but not exceeding twelve (12), hours in a single day, on the seventh (7th) consecutive day of work in a single workweek, and/or in excess of forty (40) hours in any single workweek be compensated at a rate of one-and-one-half

times the employees' regular rate of pay. Work in excess of twelve (12) hours in any single workday must be compensated at a rate of twice the employees' regular rate of pay.

51. Plaintiffs' job duties with Defendant SB were such that they were not exempt from California's overtime requirements. At all times during their employment, Plaintiffs spent more than half their work time performing non-exempt manual and/or routine job duties.

WHEREFORE Plaintiffs pray for judgment against Defendant SB as set forth herein.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Meal Breaks, Cal. Lab. Code Sections 226.7, 512)**

**(Against Defendant SB)**

52. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 51, above.

53. During all time periods relevant to this Complaint, Defendants required Plaintiff and other Class Members to work more than five (5) consecutive hours without being provided with a duty-free, half-hour meal break as required by Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders.

54. During all time periods relevant to this Complaint, Defendants required Plaintiff and other Class Members to work for four (4) consecutive hours, or major fractions thereof, without being provided with ten-minute rest breaks as required by Labor Code §§ 226.7 and the applicable IWC Wage Orders.

55. Plaintiff and other Class Members did in fact routinely work more than five (5) consecutive hours without being provided with a duty-free, half-hour meal break, and for four (4) consecutive hours, or major fractions thereof, without being provided with ten (10) minute rest breaks.

56. During all time periods relevant to this Complaint, both the California Labor Code and relevant Wage Orders of the Industrial Welfare Commission required that Plaintiff and other Class Members be provided with duty-free, half-hour meal breaks after five (5) consecutive hours of work, and with ten (10) minute rest breaks for every four (4) consecutive hours, or major

fractions thereof, that they work. When an employer fails to provide such meal and rest periods, the employer is required to pay the employee as wages one additional hour of pay at the employee's regular rate of compensation for each such missed meal and rest period. Defendants have failed to pay this additional meal and rest period compensation to Plaintiffs and Class Members.

57. As a direct and proximate result of Defendants' conduct, Plaintiff and Class Members have sustained damages, including loss of earnings from unpaid meal and rest periods, in an amount to be established at trial, and are entitled to recover these damages, as well as interest, costs, and reasonable attorney's fees and costs, pursuant to statute.

WHEREFORE Plaintiffs pray for judgment against Defendant SB as set forth herein.

## SIXTH CAUSE OF ACTION

### (Pay Stub Violations, Cal. Lab. Code Sections 226, 1174)

### (Against Defendant SB)

58. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 57, above.

59. Defendant SB knowingly and intentionally failed to provide timely, accurate itemized wage statements to Plaintiffs in accordance with California Labor Code Section 226. Such failure caused injury to Plaintiffs.

60. Defendant SB also knowingly and intentionally failed to maintain records of hours worked by Plaintiffs in accordance with California Labor Code Section 1174(d). Such failure caused injury to Plaintiffs by, among other things, causing Plaintiffs to not be paid all wages due to them, to not know how many hours they worked, and to have to file this action to recover their wages and determine the amount of hours worked and wages due.

61. Plaintiffs are entitled to, and do hereby seek, injunctive relief requiring Defendant SB to comply with Labor Code Sections 226(a) and 1174(d); and the greater of all actual damages, or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one-hundred dollars ($100.00) for each violation in each subsequent pay period, pursuant to Labor

Code Section 226(e).

WHEREFORE Plaintiffs pray for judgment against Defendant SB as set forth herein.

### SEVENTH CAUSE OF ACTION

**(Waiting Time Penalties, Cal. Lab. Code Section 203)**

**(Against Defendant SB)**

62.   Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 61, above.

63.   Plaintiffs were discharged from their employment with Defendant SB without being paid all wages they had earned up to the date of his termination.

64.   Defendant SB's failure to pay earned wages was willful, in that Defendant SB knew that Plaintiffs had performed work for which they had not been paid.

WHEREFORE Plaintiffs pray for judgment against Defendant SB as set forth herein.

### EIGHTH CAUSE OF ACTION

**(Breach of Contract)**

**(Against Defendant SB)**

65.   Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 66, above.

66.   At all times relevant to this Complaint, there existed valid agreements between Plaintiffs and Defendant SB. The relevant terms of the Agreements include (but are not limited to) that Defendant SB would pay Plaintiffs guaranteed amounts for their work.

67.   Plaintiffs duly performed all of their obligations and responsibilities under the agreements.

68.   Defendant SB breached the agreements by failing to pay Plaintiffs for their work.

69.   As a proximate result of Defendant SB's breaches of the agreements, Plaintiffs have suffered and will continue to suffer substantial lost income and lost employment benefits to which they were entitled to under the agreements.

WHEREFORE Plaintiffs pray for judgment against Defendant SB as set forth herein.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand a jury trial and damages against Defendants as follows:

1. Compensatory damages according to proof, including, but not limited to, past lost wages and benefits;

2. Special damages according to proof;

3. Pre-judgment interest;

4. Liquidated damages;

5. Statutory and/or civil penalties;

6. Waiting time penalties;

7. Reasonable attorneys' fees and costs;

8. Costs of suit occurred herein; and

9. Such other and further relief as the court may deem just and proper.

Dated: July 14th, 2016

NELSON LAW GROUP

By: _____
Robert S. Nelson

Attorneys for Plaintiff JEFF LATTA, RENE AGUIRRE, DAVID ALLEGRI, RICK CAPALBY, ARMAND CROFT, ERIC DOVE, BRYAN GERMONE, SIMON ILLG, BART WILLIAMS and J.D. WRIGHT